**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARY ALICE PATRICK,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NANCY A. BERRYHILL,**[1] )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 16-2304-JWL** |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) explanation why he discounted a portion of Dr. Amundson's opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered

---

[1]On Jan. 20, 2017, Nancy A. Berryhill, became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

## I. Background

Plaintiff applied for DIB and SSI benefits alleging disability beginning January 3, 2013. (R. 14, 121). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ applied the incorrect legal standard in assessing Plaintiff's residual functional capacity (RFC) by picking and choosing portions of Dr. Amundson's medical opinion favorable to his decision while ignoring portions favorable to a finding of disability.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court determines whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Although the court cannot find that the ALJ ignored a portion of Dr. Amundson's opinion, it nonetheless finds that the ALJ did not provide specific, legitimate reasons to discount that opinion.

## II.   Dr. Amundson's Opinion

The ALJ summarized the record evidence regarding Plaintiff's condition, including medical treatment and the opinions expressed by several medical sources. (R. 18-23). He evaluated the opinion evidence and explained the weight he accorded to it. (R. 21-22). Plaintiff does not object to the ALJ's evaluation of most of the medical opinions. But she objects to his evaluation of Dr. Amundson's opinion in 2014. (Pl. Br. 27-30). The ALJ summarized Dr. Amundson's 2014 opinion, and he explained how he evaluated that opinion:

> The opinion of Dr. Amundson from 2014 is given significant weight as this opinion was supported by the record as a whole, regarding specific limitations. (Exhibit B14F, page 5 [(R. 535)]). His opinion that the

> claimant is disabled from all work activity is given no weight as treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.

(R. 22) (citing SSR 96-5p).

### A.     The Parties' Arguments

Plaintiff claims error in the ALJ's alleged decision to ignore the following portion of Dr. Amundson's opinion, which is favorable to a finding of disability:

> I do not have a recent functional capacity evaluation, but I believe the patient's limitations to be accurate as described and defined. I am not a vocational specialist, but I think it would be difficult for this patient to find employment in any field due to her frequent need for change of position, both sitting and standing intolerance, her inability to drive while on Lyrica, and fluctuations in her pain pattern, having good days and bad days where she might be expected to miss work on a frequent basis.

(Pl. Br. 28) (quoting without citation R. 535) (emphasis in Plaintiff's Brief omitted). She argues the ALJ was able to accord no weight to this portion of Dr. Amundson's opinion only by characterizing it incorrectly as an opinion on an issue reserved to the Commissioner. This is so, in her view because Dr. Amundson never stated that Plaintiff "is disabled from all work activity," and therefore, his report is merely a medical source statement in accordance with SSR 96-5p, which must be considered and may not be ignored. (Pl. Br. 28-29). She points out that the law in the Tenth Circuit is clear that an ALJ may not pick and choose within a medical opinion, and is equally clear that this court may not provide a post-hoc rationalization to justify such an improper procedure. Id. at 29 (citing Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007)).

The Commissioner counters that the ALJ expressly considered and properly rejected the portion of Dr. Amundson's opinion cited by Plaintiff. (Comm'r Br. 4). She argues that Dr. Amundson's statement that it would be difficult for Plaintiff to find employment is an opinion that Plaintiff is disabled and is therefore an opinion on an issue reserved to the Commissioner which was properly discounted by the ALJ. Id. at 5. She points out that Dr. Amundson's opinion regarding employment is inconsistent with his office note two months earlier in which he stated Plaintiff was functioning at a sedentary level. Id. (contrasting R. 533 with R. 535). She cites other record evidence tending to support the ALJ's determination to accord significant weight to a portion of Dr. Amundson's opinion while discounting this portion, and argues that an ALJ is not required to accept the portions of a medical opinion which are not supported by the record. Id. at 5-6.

In her Reply Brief, Plaintiff argues once again that the ALJ ignored the portion of Dr. Amundson's report which was favorable to a finding of disability despite the admonition of SSR 96-5p that even medical opinions on issues reserved to the Commissioner must not be ignored, and that the decision must explain the consideration given to a treating source opinion. (Reply 3-4).

**B.     Discussion**

The court finds that the ALJ did not ignore the portion of Dr. Amundson's opinion favorable to a finding of disability. He specifically addressed that portion. Moreover, Plaintiff's assertion that this portion of Dr. Amundson's opinion was not on an issue

reserved to the Commissioner, because Dr. Amundson never stated that Plaintiff is disabled, borders on frivolous. While Dr. Amundson did not use the term disabled, Plaintiff admits he opined that it would be difficult for Plaintiff to find employment. That is an opinion that Plaintiff is disabled, and as such is an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). In her Reply Brief, Plaintiff acknowledges this, and changes her focus somewhat by pointing out that even such opinions may not be ignored. (Reply 3-4). The ALJ explained that Dr. Amundson's opinion regarding specific limitations was given significant weight, but his opinion that Plaintiff was disabled was given no weight. (R. 22). Therefore, Plaintiff cannot seriously argue that the ALJ ignored this portion of Dr. Amundson's opinion.

    Although the ALJ did not ignore this portion of Dr. Amundson's opinion, the court must find that he did not provide specific, legitimate reasons to discount it. The Commissioner is correct that an opinion on an issue reserved to the Commissioner is not binding in making a disability determination. And, the ALJ correctly stated, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." (R. 22); see, e.g., 20 C.F.R. §§ 404.1527(c), 416.927(c). But, as Plaintiff argues, every medical opinion must be evaluated, opinions from any medical source may not be ignored, and the decision must explain the consideration given to the treating source opinion. See, e.g. 20 C.F.R. §§ 404.1529(c), 416.929(c) ("Regardless of its source we will evaluate every medical opinion we receive," going on to explain how medical opinions shall be evaluated); SSR 96-5p,

7

West's Soc. Sec. Reporting Serv., Rulings 122 (Supp. 2016) ("opinions from any medical source about issues reserved to the Commissioner must never be ignored; and . . . the . . . decision must explain the consideration given to the treating source's opinion(s)"). The ALJ must give reasons in the decision for the weight he gives a medical opinion and must give specific, legitimate reasons for rejecting a treating source opinion. Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003).

Here, the ALJ gave no weight to Dr. Amundson's opinion that Plaintiff is disabled from all work activity because "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." (R. 22). But, that is the only basis given to accord no weight to the opinion. While that reason is specific, it is not legitimate in this instance. It is a specific, legitimate reason to decline to give that opinion controlling weight or special significance, but SSR 96-5p specifically prohibits ignoring such opinions. Therefore, by itself, that reason is insufficient to accord no weight to a treating source opinion on an issue reserved to the Commissioner. Consequently, remand is necessary for the Commissioner to provide legitimate reasons to accord no weight to Dr. Amundson's opinion on this issue.

The Commissioner's Brief suggests other reasons to justify rejecting this opinion. But, the ALJ did not put forward those reasons as his rationale. As Plaintiff argues, the court may not affirm the Commissioner's decision on a basis other than the rationale provided in the decision. This is so for two reasons. First, the court's duty is to review the Commissioner's decision, it may not weigh the facts and decide the case in the first

instance or reweigh the facts and substitute its judgment for that of the Commissioner. Moreover, a reviewing court may not create post-hoc rationalization to explain the Commissioner's treatment of evidence when that treatment is not apparent from the decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

### III. Remand for Immediate Award of Benefits

Plaintiff argues that this case should be remanded to the Commissioner for an immediate award of benefits. The court does not agree.

As Plaintiff suggests, whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). The Tenth Circuit considers two factors when deciding whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland

9

v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).  Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until she correctly applies the proper legal standard and gathers evidence to support her conclusion.  Sisco, 10 F.3d at 746.

While the issue of disability has been pending since Plaintiff submitted her application for benefits in July 2013, four years is not excessive when considering whether the Commissioner has been dilatory in her handling of this matter.  Moreover, an ALJ has had the opportunity to consider the application but once in this case, and this is the first time the case has been remanded by a district court.  Finally, as the Commissioner's Brief suggests, the evidence does not point but one way, and there is record evidence which might, in the appropriate circumstances, support a decision to afford no weight to the medical opinion at issue here.  Therefore, the court will not remand for an immediate award of benefits.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 17th day of March 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**