## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **MARY ALICE PATRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 16-2304-JWL** |
| | ) | |
| **ANDREW M. SAUL,[1]** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |


### MEMORANDUM AND ORDER

This matter is before the court on a motion for approval of an attorney fee (Doc. 13) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's motion is GRANTED, approving a fee in the amount of $17,783.00 pursuant to the Social Security Act.

## I.      Background

Plaintiff filed a Complaint in this court on May 5, 2016, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc 1).   On

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

March 17, 2017 this court reversed the Commissioner's decision and remanded in accordance with sentence four of 42 U.S.C. § 405(g) for proper consideration of the record medical opinions.   (Doc. 9).   On remand, the Commissioner issued a fully favorable decision awarding Plaintiff disability benefits.   (Pl. Mot., Attach. 1). Plaintiff now seeks award of attorney fees of $17,783.00 pursuant to § 206(b) of the Social Security Act.   42 U.S.C. § 406(b).

## II.    Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts

may not use the "lodestar" method to establish a reasonable fee in such a case.   Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness.   Gisbrecht, 535 U.S. at 807-08.   In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.   Id. 535 U.S. at 808.   The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.   Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010).   It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'"   Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.   Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'"   Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.   Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v.

4

Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018)

(affirming fee request resulting in an effective rate of $400.07 and citing cases approving

fee awards resulting in effective hourly rates ranging from $258.63 to $432.02);

Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec.

15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and

reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-

DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented

an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at

*1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28);

Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014)

(approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-

CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of

$389.61 within the range of hourly rates in similar cases in this district).

## III.   Discussion

Here, Plaintiff's attorney requests a fee award of 25 percent of Plaintiff's past due

benefits less $6,000.00 for work done before the Commissioner, or $17,783.00.   He

explains that he has a contingent fee agreement with Plaintiff, in which she agreed to a

fee of 25 percent of past due benefits.   (Doc. 14, "Affidavit").   Counsel submitted a

listing of the hours expended in prosecuting this case before this court in connection with

his EAJA fee request, showing 44 hours expended.   (Doc. 11).   Counsel asserted that

his normal hourly rate in non-contingent, non-complex matters is $300.00.   (Doc. 14, 2).

5

He asserts that the fee requested is reasonable and equates to an hourly rate of $404.15. Id.

Plaintiff's counsel acknowledges receipt of a fee pursuant to the Equal Access to Justice Act (EAJA) of $7,500.00 and recognizes that fee must be refunded to Plaintiff upon receipt of the 406(b) fee.   Id.   Counsel argues that his skill, competence, expertise, and experience support awarding the full 25% of past due benefits in this case.   Id.

The Commissioner submitted a response to Plaintiff's Motion stating that he is not a party to a 406(b) request but "to the extent the Court requires a response, the Commissioner has no objection to the petition in this case."  (Doc. 15).   He also reminds the court that if counsel receives fees pursuant to both the EAJA and 406(b), the lesser of the two must be refunded to Plaintiff.   Id.

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel for the plaintiff and for the Commissioner and makes the following findings.   Plaintiff has met his burden to prove that award of the fee requested is reasonable in the circumstances present here.   The court notes that counsel achieved a good result for Plaintiff in this case and the billing records submitted reflect the hours expended.   The contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails, to encourage practitioner to take such cases and to provide for cases which are not successful. Moreover, the court's review reveals no undue delay chargeable to counsel and the fee requested does not represent a windfall to counsel.

The court notes that a fee award of $17,783.00 when applied to the 44 hours expended by counsel in this case results in an effective hourly rate of $404.15, only slightly more than $100 per hour above counsel's usual non-contingent rate.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner shall pay Plaintiff's counsel the sum of $17,783.00 from Plaintiff's past due benefits.   Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $7,500.00, shall be refunded by counsel to Plaintiff.

Dated May 20, 2020, at Kansas City, Kansas.


s:/   *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**